FILED
MAR 20 2008
Mar 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> EAGLE INTERNATIONAL, LTD; CATHERINE DUSSIAS; individually and as Trustee to the EAGLE INTERNATIONAL EMPLOYEES' PROFIT SHARING PLAN; and the EAGLE INTERNATIONAL EMPLOYEES' PROFIT SHARING PLAN, <br><br> Defendants. | 08CV1648 <br> JUDGE GUZMAN <br> MAGISTRATE JUDGE COLE <br><br> Case No. _____ |

## COMPLAINT

Plaintiff, ELAINE L. CHAO, Secretary of Labor, United States Department of Labor (the Secretary), alleges:

### JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§1001, et seq., and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

1

3. The Eagle International Employees' Profit Sharing Plan (the Plan) is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4. Venue of this action lies in the Northern District of Illinois, Eastern Division, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan was administered in Elk Grove Village, Cook County, Illinois within this district.

5. The Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## DEFENDANTS

6. At all relevant times, Defendant Catherine Dussias (Dussias), was the Vice President of Eagle, Plan Trustee, a fiduciary of the Plan within the meaning of ERISA §3(21)(A)(i) and (iii), 29 U.S.C. §1002(21)(A)(i) and (iii), and a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (H), 29 U.S.C. §1002(14)(A) and (H).

7. At all relevant times, Defendant Eagle was the Plan Sponsor, Plan Administrator, and Named Fiduciary within the meaning of ERISA §3(21)(A)(iii), 29 U.S.C. §1002(21)(A)(iii), and a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

## COUNT I--PROHIBITED LOAN

8. Paragraphs 1 through 7 above are realleged and incorporated herein by reference.

9. On March 9, 2000, Defendant Dussias authorized a loan from the Plan to herself in the amount of $30,000 in order to fund Eagle's corporate operations, even though the Plan's documents do not allow such loans.

10. By the conduct described in paragraph 9 above, Defendant Dussias:

a. violated ERISA §403(a) and (c)(1), 29 U.S.C. 1103(a) and (c)(1), which require that all assets of an employee benefit plan shall be held in trust and shall never inure to the benefit of the employer;

b. failed to discharge her duties solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

c. failed to discharge her duties in accordance with the documents and instruments governing the Plan in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D);

d. caused the Plan to engage in transactions which she knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D); and

e. dealt with assets of the Plan in her own interest or for her own account, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

f. acted in her individual or other capacity in a transaction involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants or beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

### COUNT II--FAILURE TO TERMINATE THE PLAN

11. Paragraphs 1 through 7 above are realleged and incorporated herein by reference.

12. Upon information and belief, Defendant Eagle ceased business operations in 2003.

13. Since Eagle ceased operating in 2003, Defendants Dussias and Eagle have failed to administer and to formally terminate the Plan. No individual or entity has taken fiduciary

responsibility for the operation and administration of the Plan and its assets.

14. Since 2003, participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances.

15. By the conduct described in paragraphs 12-15 above, Defendants Dussias and Eagle

   a. failed to discharge their duties solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

   b. failed to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B)

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A. Requiring Defendants Eagle and Dussias to restore to the Plan all losses incurred as a result of their breaches of fiduciary duties and for which they are liable, with appropriate interest;

B. Permanently enjoining Defendants Eagle and Dussias from violating the provisions of Title I of ERISA;

C. Permanently removing Defendants Eagle and Dussias from serving as fiduciaries for the Plan;

D. Permanently enjoining Defendants Eagle and Dussias from serving as fiduciary to any ERISA-covered employee benefit plan;

4

E.      Appointing an independent fiduciary to distribute the Plan's assets and to terminate the Plan;

F.      Requiring Defendants Eagle and Dussias to undo any prohibited transaction in which they engaged or for which they are liable, including disgorgement of any profits derived there from.

G.      Awarding the Secretary the costs of this action; and

H.      Ordering such further relief as is appropriate and just.

GREGORY F. JACOB
Solicitor of Labor

JOAN E. GESTRIN
Regional Solicitor

_____
MARLA J. HALEY
U.S. Department of Labor,
Attorneys for ELAINE L. CHAO
Secretary of Labor
Plaintiff
**P.O. ADDRESS:**
Office of the Solicitor
230 South Dearborn St.
Room 844
Chicago, IL 60604
Tel. (312) 886-5260
Fax. (312) 353-5698
Haley-Marla@dol.gov